IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSHUA JAMES CHAPPA, Defendant. | CR 20–05–BU–DLC ORDER |

Before the Court is Defendant Joshua James Chappa's Opposed Motion for Release Pending Appeal. (Doc. 55.) Two months after the Court imposed a 30-month custodial sentence against him, and five days before he is set to report to the Bureau of Prisons' facility in Littleton, Colorado to serve it, Chappa asks the Court to allow him to remain at liberty until the Ninth Circuit rules on his pending appeal. (Docs. 46; 56 at 4.) The Court denies his eleventh-hour motion.

As a general rule, a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained." 18 U.S.C. § 3143(b)(1). However, and relevant to the instant motion, a court may grant a defendant's motion for release pending appeal if the defendant shows: (1) "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released"; and (2) "that the appeal is not for the purpose of delay *and* raises a

1

substantial question of law or fact likely to result in reversal, an order for a new trial, [or] a sentence that does not include a term of imprisonment[.]" *Id.* It bears emphasis that it is the defendant's burden to prove that a court should deviate from the general rule and release him while his appeal is pending. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

The Court need not analyze whether Chappa poses a risk of flight or danger to the community, because the second prong of the § 3143(b)(1) inquiry is dispositive. Nevertheless, the Court is compelled to note that "danger to the community" within the meaning of the Bail Reform Act "encompasses pecuniary or economic harm." *United States v. Reynolds*, 956 F.2d 192, 192–93 (9th Cir. 1992) (defendant convicted of mail fraud and witness tampering failed to show that he does not constitute an economic danger to the community). Based on the offense conduct in this case, as proven by the government during a two-day sentencing hearing, the Court is not entirely convinced that Chappa's continued release to "run[] a number of businesses that depend on his leadership" would not pose a substantial economic danger to the community.

Be that as it may, the Court bases its denial on Chappa's failure to raise a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment. 18 U.S.C. § 3143(b)(1)(B). The Ninth Circuit in *Handy* defined a "substantial question" as

one that is "fairly debatable." 761 F.2d at 1283. Here, Chappa provides the Court with no question to analyze under *Handy*'s definition. Instead, he baldly states that he plans to argue the Court "erred in the calculation and assignment of the amount of restitution," before concluding that "restitution questions are . . . debatable." (Doc. 56 at 6.) The Court cannot find a "substantial question of law or fact" based on Chappa's sweeping and conclusory assertion that he will raise a "debatable" restitution question to the Ninth Circuit.

True, Chappa's sentencing hearing became a quasi-trial after he lodged 33 objections to the Presentence Investigation Report ("PSR"), which the Court spent nearly two days taking and analyzing evidence to resolve. But the Court will not now untangle the litany of self-serving and largely irrelevant factual arguments Chappa advanced at sentencing to find some "debatable" error in its ultimate restitution calculation and allocation. It is Chappa's job—not the Court's—to identify the substantial appeal question that should allow him to remain in the community, and he has failed to accomplish that task here.

Accordingly, IT IS ORDERED that the motion (Doc. 55) is DENIED. Chappa shall report to the Bureau of Prisons' facility as directed by the United States Marshals Service.

DATED this 16th day of July, 2021.

_____
Dana L. Christensen, District Judge
United States District Court